# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GEMSTONE FOODS, LLC et al.,**  Plaintiffs, | |
| v. | **CASE NO. 5:15 CV-2207-MHH** |
| **AAA FOODS ENTERPRISES INC., et al.,**  Defendants. | |
| **MICHAEL ENSLEY, et al.,**  Plaintiffs, | |
| v. | **CASE NO. 5:15 CV-1179-MHH** |
| **BEN O. TURNAGE, et al.,**  Defendants. | |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO QUASH, FOR PROTECTIVE ORDER, AND FOR SANCTIONS AS TO PLAINTIFF'S SUBPOENA TO RHONDA BEASLEY [DOC. 180]

This dispute concerns Defendant's Motion to Quash, for Protective Order, and for Sanctions as to Plaintiff's Subpoena to Rhonda Beasley [Doc. 180]. The Special Master reports and recommends as follows:

**I.   Background**

This consolidated action concerns disputes between various people and entities in the poultry processing industry.

In the primary action (2207), Plaintiffs Gemstone Foods, LLC, and RCF, LLC, seek relief against Defendants AAA Foods Enterprises, Inc., A&M Consulting Firm, LLC, Portioning Partners, Farm Fresh Foods, LLC, Cooper, Hill & LeCroix, CPA, and various owners and employees of these companies under the Racketeer Influenced and Corrupt Organizations Act for violations of 18 U.S.C. §§ 1962(a), (c), and (d) and the Computer Fraud and Abuse Act, and for breach of contract, tortious breach of contract, tortious interference with contractual relations, breach of fiduciary duty, fraud, misrepresentation, conversion, negligence, gross negligence, and wantonness, civil conspiracy, breach of the duty of good faith and fair dealing, conversion, unjust enrichment, and money paid by mistake. Gemstone and RCF demand compensatory damages, treble damages, punitive damages, a constructive trust, an accounting, attorney fees and expenses, interests, and injunctive relief.

In the other action (1179), Michael Ensley and A&M Consulting seek relief against Ben Turnage, Gemstone Foods, LLC, Gemstone Holdings, LLC, Gemstone Ventures Decatur, LLC, Gemstone Ventures, LLC, Jamas Capital Management, LLC, and RCF, LLC, for breach of contract, *quantum meruit*, unjust enrichment, civil conspiracy, and breach of the covenant of good faith and fair dealing. Ensley and A&M request compensatory damages, punitive damages, interest, and attorney fees.

The discovery process has moved at a snail's pace due to a variety of causes, including numerous discovery disputes and, most recently, discovery of Gemstone emails on the laptop of a former Gemstone and current Farm Fresh Foods employee.

Consistent with the Special Master's directions and by agreement of the parties as to the procedure, Plaintiffs served Defendants, before filing Notices of Intent, with several new subpoenas for testimony and documents. Defendants filed Motions to Quash and for Protective Order and Sanctions as to each subpoena. This Report and Recommendation addresses the subpoena directed to Rhonda Beasley, an owner and employee of Defendant Farm Fresh Foods.

Preliminarily, Defendants do not object to making Ms. Beasley available for a deposition. In addition, Defendants have previously collected and made available for search and production personal emails maintained by Ms. Beasley. Defendants' request for relief relates only to the document production requests to the extent directed to work emails possessed by Defendant Farm Fresh Foods. Defendants move to quash the subpoena as violating directives of the Special Master and seek a protective order under Rule 26(c). Defendants also seek sanctions. Plaintiffs argue Defendants lack standing to challenge the subpoena and have failed to show entitlement to a protective order or sanctions.

## II.    Analysis

**A. Motion to Quash**

Generally, a party lacks standing to challenge a non-party subpoena. *See Rondini v. Bunn*, No. 7:17-cv-1114, 2019 U.S. LEXIS 96447, at *4, 2019 WL 2409134 (N.D. Ala. June 7, 2019). A party may establish standing based on that party's "personal right or privilege" as to the information sought by subpoena. *Id.*

3

Here, Defendants have already collected and searched Ms. Beasley's personal emails at Plaintiffs' request. The only remaining unsearched communications exist in Ms. Beasley's work email account, and Defendants actually possess this electronically stored information. Plaintiffs should serve document requests on Defendants under Rule 34 seeking production concerning Ms. Beasley's work emails. Defendants can then respond as appropriate. To the extent any dispute remains, Plaintiffs may then file a motion to compel. *See, e.g. Heard v. Town of Camp Hill*, 16-cv-856, 2017 U.S. Dist LEXIS 192373, at *2 (M.D. Ala. Nov. 21, 2017) (refusing to permit service of subpoena on party when litigant had not moved to compel responses under Rule 37 to requests served under Rule 34); *see also* 7 *Moore's Federal Practice-Civil* § 34.02[e] ("Although Rule 45 is not limited by its terms to non-parties, it should not be used to obtain pretrial production of documents or things . . . from a party in circumvention of discovery rules and orders."); 9 *Moore's Federal Practice-Civil* § 45.02[3] (distinguishing use of Rule 34 for parties and Rule 45 for non-parties for discovery).

### B. Motion for Protective Order

Defendants' Motion for Protective Order is moot as a result of the Special Master's Report and Recommendation concerning Defendants' Motion to Quash.

### C. Motion for Sanctions

Defendants seek imposition of sanctions. The Special Master does not recommend imposition of sanctions against Plaintiffs and in favor of Defendants. Plaintiffs did not submit the subpoena to Defendants in bad faith. The Special Master

4

has also not determined the requested information falls outside the scope of discovery under Rule 26.

### III. Conclusion

The Special Master recommends as follows:

1. The Court deny Defendants' Motion to Quash Subpoena to Rhonda Beasley to the extent it seeks testimony;

2. The Court grant Defendants' Motion to Quash Subpoena to Rhonda Beasley to the extent it seeks production of documents, without prejudice to Plaintiffs to serve discovery requests under Federal Rule of Civil Procedure 34;

3. The Court deny Defendants' Motion for Protective Order as moot; and

4. The Court deny Defendants' Motion for Sanctions.

SO REPORTED AND RECOMMENDED, this the 6th day of August, 2019.

                                           */s/ J. Cal Mayo, Jr.*
                                           J. CAL MAYO, JR.
                                           SPECIAL MASTER