FILED
2022 Mar-01 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GEMSTONE FOODS, LLC et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 5:15-cv-02207-MHH |
| ) | |
| **AAA FOODS ENTERPRISES, INC.** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL ENSLEY et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 5:15-cv-01179-MHH |
| ) | |
| **BEN O. TURNAGE et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION – VOLUME VIII

*Fiduciary Duty and Duties of Loyalty and Good Faith and Fair Dealing*

Relying on Alabama law, Gemstone and RCF allege that, through their various schemes, Mr. Ensley, Mr. Pass, Mr. Welborn, Mr. Wester, Eddie Hill, Gary Hill, Ms. Campos, Ms. Carr, and AAA violated their fiduciary duties, duties of

loyalty, and duties of good faith and fair dealing and misappropriated corporate opportunities. (Doc. 391, pp. 74–85).

To examine these claims, the Court first considers these defendants' relationship with Gemstone and RCF. Gemstone and RCF are limited liability companies. (Doc. 391, p. 4). Under the Alabama Limited Liability Company Law, "a person who has the authority to direct and oversee the activities and affairs of a limited liability company owes to the limited liability company . . . the duty of loyalty and the duty of care . . . ." Ala. Code § 10A-5A-4.08(a)(1). Such a person also must act "consistently with the implied contractual covenant of good faith and fair dealing." Ala. Code § 10A-5A-4.08(e)(1). "When the authority of a person to direct and oversee the activities and affairs of a limited liability company is terminated, . . . the person's duties terminate . . . [except] with regard to matters arising and events occurring before the termination of the person's authority." Ala. Code § 10A-5A-4.08(h). A limited liability agreement typically identifies who has the authority to direct and oversee the activities and affairs of the company. Ala. Code § 10A-5A-4.07(a). The Court has not found in the record a limited liability company agreement for Gemstone or RCF. Therefore, on the record before it, the Court cannot determine whether one or more of the defendants may owe Gemstone or RCF a duty of loyalty or a duty of care under the Alabama Limited Liability Company Law.

Under Alabama law, general principles of agency provide that an agent owes his principal a duty of loyalty to act "'with due regard to the interest of the principal. In accepting the agency, [an agent] impliedly undertakes to give his principal his best care and judgment, and to use the powers conferred upon him for the sole benefit of his principal consistent with the purposes of the agency.'" *Edwards v. Allied Home Mortg. Capital Corp.*, 962 So. 2d 194, 210 (Ala. 2007) (quoting *Dudley v. Colonial Lumber Co.*, 137 So. 429, 431 (Ala. 1931)). An agent must, "in all circumstances," act "with due regard for the interests of his principal, and [] act with the utmost good faith and loyalty." *Allied Supply Co., Inc. v. Brown*, 585 So. 2d 33, 37 (Ala. 1991) (citing *Williams v. Williams,* 497 So. 2d 481 (Ala. 1986)). "Implicit in this duty is an obligation not to subvert the principal's business by luring away customers or employees of the principal, or to otherwise act in any manner adverse to the principal's interest" while employed by the principal. *Allied Supply Co.*, 585 So. 2d at 37.

To succeed on a claim for breach of the duty of loyalty, a plaintiff must prove that a duty exists between the plaintiff and the defendant, that the defendant breached the duty, and that the plaintiff incurred damages as a result. *Aliant Bank, a Div. of USAmeribank v. Four Star Invs., Inc.*, 244 So. 3d 896, 907 (Ala. 2017) (citing *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012)).

Reasonable jurors could conclude that Eddie Hill, Mr. Pass, Mr. Welborn, and Mr. Wester owed Gemstone and RCF a duty of loyalty while they worked for the companies because those defendants were agents of Gemstone and managerial employees at that. As to breach and damages, the RICO and suppression analysis concerning the PWW/Galleria scheme applies equally to Gemstone and RCF's duty of loyalty claim.[1]

Mr. Wester and other Gemstone employee defendants who copied significant numbers of documents and email messages from Gemstone to use as they formed their competing company, Farm Fresh Foods, breached their duty of loyalty to Gemstone. The Toshiba laptop that Mr. Wester took with him when he left Gemstone was used many times over several years while the Gemstone employee defendants operated Farm Fresh and defended this litigation. But breach of the duty of loyalty is a tort claim under Alabama law, and the Alabama Trade Secrets Act "replace[d] common law tort remedies for the misappropriation of trade secrets, while leaving existing contract remedies or safeguards in place." *Allied Supply Co.*, 585 So. 2d at 37. "Because existing common law tort theories of recovery have been replaced" by the Alabama Trade Secrets Act as those theories relate to

---

[1] Gemstone terminated its relationship with Eddie Hill in January 2014. (Doc. 422-1, p. 52, tp. 197). Therefore, Eddie Hill's duty of loyalty to Gemstone and RCF expired on that date. To prevail on a duty of loyalty claim against Eddie Hill, the plaintiffs will have to demonstrate that he acted in a manner adverse to Gemstone while he was an agent of the company.

misappropriation of confidential business information, *Allied Supply Co.*, 585 So. 2d at 37, and because Gemstone and RCF have not asserted a claim under the Alabama Trade Secrets Act in their third amended complaint, Gemstone's duty of loyalty claim relating to the misappropriation of confidential business information fails as a matter of law, (Doc. 391, pp. 83–84, ¶¶ 5.108–5.109).

Because Gemstone did not have non-compete agreements with the Gemstone employee defendants, a breach of duty claim relating to those employees' alleged solicitation of Gemstone employees, vendors, and customers may span only the brief window of time when the managerial employees began making plans for Farm Fresh while they were employed at Gemstone. That window is no more than a few months – and a shorter period for some defendants who left Gemstone earlier than others.

Viewing the evidence in the light most favorable to Gemstone and RCF, Mr. Welborn and Eddie Hill first discussed the possibility of creating a new processing company in December 2014, and the Gemstone employees who founded Farm Fresh became owners of Farm Fresh in January 2015, a month or so before most of them left Gemstone. While they were Gemstone employees, several of the managerial defendants obtained quotes for equipment and other supplies. The Court has located no evidence that indicates that, while they were employees of Gemstone, Mr. Welborn, Mr. Pass, Mr. Wester, Gary Hill or Ms. Campos solicited Gemstone employees to go to work for Farm Fresh. Mr. Turnage is confident that Farm Fresh

took Gemstone customers, including Tyson and Koch, but because he "was not at the table when the deals were cut," (Doc. 422-1, p. 67, tp. 257), he presumably does not know when the defendants struck deals with Gemstone's customers. AAA was Farm Fresh's chicken vendor, but Gemstone had directed AAA to stop sourcing chicken for Gemstone on December 29, 2014, so to the extent that a managerial defendant may have spoken to Ms. Carr about sourcing chicken for Farm Fresh before he left Gemstone, there can be no harm to Gemstone. Therefore, jurors would be left to speculate about possible breaches of the managerial defendants' duties of loyalty as that claim relates to recruitment of Gemstone employees, vendors, and customers while the managerial employees still worked for Gemstone. Again, a jury verdict cannot rest on speculation. Therefore, the Court will grant the defendants' motion for summary judgment on the duty of loyalty claim as it relates to the defendants' alleged solicitation of Gemstone employees, vendors, and customers.

Finally, under Alabama law, the duty of good faith and fair dealing is "'an implied in law covenant'" in "'[e]very contract'"; "'this covenant provides that neither party will interfere with the rights of the other to receive the benefits of the agreement.'" *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 4 (Ala. 1981) (quoting *Childs v. Miss. Valley Title Ins. Co.*, 359 So. 2d 1146, 1152 (Ala. 1978)). In every transaction for which AAA invoiced Gemstone, there was an obligation of good faith and fair dealing. If Gemstone proves that Ms. Carr agreed to source

poultry for RCF to process for $0.01 per pound, and AAA clandestinely invoiced Gemstone for more than $0.01 per pound, then Gemstone may establish a breach of the duty of good faith and fair dealing and damages in the amount of Gemstone's overpayments. And as president of Gemstone, Mr. Ensley owed the company a duty of loyalty which a jury may conclude that he breached if he directed Gemstone to pay inflated invoices. Questions of fact concerning these duties and their alleged breach preclude summary judgment on Gemstone and RCF's claims for breach of state law duties as those claims pertain to the Carr/AAA invoicing scheme.

In sum, the Court will deny the motions for summary judgment as to the claims for breach of various state law duties – Count VII, Count VIII, part of Count IX, and Count XI – except as to the misappropriation of confidential business information claim and the breach of duty of loyalty claim pertaining to the defendants' alleged recruitment of Gemstone employees, vendors and customers to Farm Fresh.

**DONE** and **ORDERED** this March 1, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE